FILED
U.S. D'ST....  ...RT
DIST......      ...AS

SEP 16  1 56 PM '96

RALPH           ...
BY B.W......  DEPUTY
AT T.......

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

Vs.

RICARDO GOODING,
a/k/a Cookie,          Case No. 93-40003-09-SAC

    Defendant/Movant.

## MEMORANDUM AND ORDER

On December 13, 1993, the jury returned a verdict finding the defendant, Ricardo Gooding, guilty of one count of conspiracy to possess with intent to distribute cocaine hydrochloride and/or crack cocaine and one count of possession with intent to distribute cocaine hydrochloride or crack cocaine. Gooding was subsequently sentenced to a primary term of incarceration of 121 months. On September 8, 1995, the Tenth Circuit affirmed Gooding's conviction and sentence. *See United States v. Gooding*, No. 94-3090, 1995 WL 529649 (10th Cir. Sept. 8, 1995).

This case comes before the court upon Gooding's *pro se* "Motion for Immediate Deportation Pursuant to I.N.S. 242(h) as Amended in 8 U.S.C. § 1252(h)(2)(a)" (Dk. 441). In that motion, Gooding asks the court to issue an

447

immediate order of deportation. Gooding indicates that he "is ready and willing to waive his right to deportation hearings before the Immigration Judge so as to be granted early deportation before the completion of his sentence of imprisonment." Gooding's motion is accompanied by an affidavit indicating his willingness to waive his right to a deportation hearing and that he is aware that his unlawful reentry to the United States would result in his incarceration for the remainder of the sentence imposed.

The government opposes Gooding's motion. Basically the government contends that under § 1252(h)(2)(A), the Attorney General determines whether immediate deportation is appropriate and in the best interest of the government. The government contends that the courts have unanimously concluded that the decision to immediately deport a person under § 1252(h)(2)(A) lays exclusively with the Attorney General and that the courts have unanimously denied motions similar to the one filed by Gooding. The government suggests that Gooding must first exhaust his administrative remedies.

### Analysis

"Until recently, aliens sentenced to imprisonment were subject to deportation only after release from confinement under the Immigration and Nationality Act." *United States v. Maimaje*, 930 F. Supp. 1331 (D. Minn. 1996). On April 24, 1996, President Clinton signed the Anti-Terrorism

2

and Effective Death Penalty Act of 1996. The Act, *inter alia*, amended 8 U.S.C. § 1252(h). "As amended, the Immigration and Nationality Act now permits the Government to deport incarcerated aliens before the termination of their confinement." *Maimaje*, 930 F. Supp. at 1332. In pertinent part, § 1252 now provides:

> (h)  Deportation of imprisoned aliens,
>
> (1)  Except as provided in paragraph (2), an alien sentenced to imprisonment may not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be a ground for deferral of deportation.
>
> (2)  The Attorney General is authorized to deport an alien in accordance with applicable procedures under this chapter prior to the completion of a sentence of imprisonment--
>
>> (A)  in the case of an alien in the custody of the Attorney General, if the Attorney General determines that
>>
>>> (i)  the alien is confined pursuant to a final conviction for a nonviolent offense (other than alien smuggling), and
>>>
>>> (ii)  such deportation of the alien is appropriate and in the best interest of the United States;

The plain language of the statute makes it clear, however, that Gooding cannot unilaterally opt for deportation instead of incarceration. "Even as amended, however, section 1252 by its terms does not affect all alien federal

3

prisoners and does not bestow a right to deportation." *Maimaje*, 930 F. Supp. at 1332. In fact, "[t]here is nothing in the text of the statute that empowers the district court to order immediate deportation. On the contrary, the statute expressly states that the 'Attorney General is authorized to deport an alien' if the defendant was convicted for a nonviolent crime other than alien smuggling, and if the Attorney General determines that immediate deportation is appropriate and in the best interest of the United States." *United States v. Vancol*, No. 88-7 MMS, 1996 WL 490218, at *2 (D. Del. Aug. 22, 1996). Moreover, 8 U.S.C. § 1252a(a)(3)(B)[1] specifically forecloses the relief sought by Gooding.

As the government suggests, courts[2] considering similar or virtually identical motions to the one filed by Gooding have uniformly denied relief. *See, e.g., United States v. Lozada*, No. 92-00517-02, 1996 WL 502200 (E.D. Pa. Aug. 27, 1996) (district court has no authority to compel

---

[1] Section 1252a(a)(3)(B) provides:

> Nothing in this section shall be construed as requiring the Attorney General to effect the deportation of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

[2] On the same day this order is filed, this court has denied a similar motion filed Armando Nelson Pelliere. *See United States v. Pelliere*, No. 93-4003-03-SAC, 1996 WL _____ (D. Kan. September 16, 1996).

4

Immigration and Naturalization Service to deport defendant before completion of the custodial part of his sentence); *Vancol*, 1996 WL 490218; *United States v. Adan-Torres*, No. CR-S-92-277-PMP, 1996 WL 494292 (D. Nev. Aug. 16, 1996) (defendant has no private cause of action under § 1252(h)(2)(A)); *United States v. Carrasco*, No. 92 CR 112-1, 1996 WL 426765 (N.D. Ill. July 26, 1996) ("The Act neither creates a jurisdictional basis to seek a judicial order of deportation nor provides defendants with a right of action to compel the Attorney General to immediately deport them."); *Maimaje*, 930 F. Supp. at 1332 (defendant's request for immediate relief denied; defendant "must avail himself of the administrative remedies established by Congress before seeking a determination in federal court."); *United States v. Cota-Loaiza*, No. 96-WY-828-AJ, 1996 WL 465209 (D. Colo. Aug. 8, 1996) (defendant "may make an application for immediate deportation to the Attorney General of the United States. The authority of this court, if any, to review a decision of the Attorney General of the United States upon such application cannot be exercised until the Attorney General has had an opportunity to act.").

IT IS THEREFORE ORDERED that Gooding's "Motion for Immediate Deportation Pursuant to I.N.S. 242(h) and amended in 8 U.S.C. § 1252(h)(2)(a)" (Dk. 441) is denied.

Dated this ___16th___ day of September, 1996, Topeka,

5

Kansas.

/s/ SAM A. CROW
Sam A. Crow, U.S. District Judge

6